**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

CAONA JARVIS,

                    Plaintiff,           2005-CV-0077

    v.

PREMUDA, S.P.A, owner and owner pro
hac vice of the Vessel FOUR ETOILES,

                    Defendant.

TO:    John K. Dema, Esq.
        Chetema Lucas-Francis, Esq.

**ORDER REGARDING JOINT STIPULATION REGARDING DEFENDANT'S REQUEST TO COMPEL PLAINTIFF TO PRESENT FOR INDEPENDENT MEDICAL TESTING**

THIS MATTER came before the Court upon the Joint Stipulation Regarding Defendant's Request to Compel Plaintiff to Present for Independent Medical Testing (Docket No. 88).

At issue is Plaintiff's refusal to submit to medical testing as requested by Defendant's experts, and Defendant's asserted objection to not being allowed to independently assess Plaintiff's medical condition.

Defendant cites Fed. R. Civ. P. 35(a) in support of its request for additional testing. Defendant states, "that when the mental and/or physical condition of a party is in

*Jarvis v. Premuda*
2005-CV-0077
Order Defendant's Request to Compel Plaintiff to Present for Independent Medical Testing
Page 2

controversy the Court 'may order the party to submit to a physical or mental examination . . . .'" Stipulation at 2. Defendant further states that to limit its "assessment of Plaintiff's condition to information . . . provided by Plaintiff . . . is patently prejudicial to Defendant . . . ." *Id*. Defendant cites *Great West Life Assurance Co. v. Levithan*, 153 F.R.D. 74, 76 (E.D. Pa. 1994), suggesting that this Court has authority to issue said orders "liberally." Stipulation at 2. Furthermore, "the moving party's right to a fair trial [should be] balanced against the personal invasion of the party to be examined." *Id*. at 3 (citing *Shirsat v. Mutual Pharmaceutical Co., Inc.*, 169 F.R.D 68, 71 (E.D. Pa. 1996)). Defendant suggests additional testing is permissible and even necessary in order to "'level the playing field' between the parties." Stipulation at 3 (citing *Sauer v. Burlington Northern R.R. Co.*, 169 F.R.D. 120, 124 (D. Minn. 1996)). And, Defendant asserts that its "right to a fair trial will . . . be impeded if it's [sic] neurological expert is required to rely on Plaintiff's . . . exper's [sic] interpretation of Plaintiff's . . . tests . . . ." Stipulation at 3. Defendant seeks an order to compel additional testing.

Plaintiff contends that Defendant failed to request additional testing in a timely manner. *Id.* at 5. Additionally, Plaintiff "has undergone an [electromyogram or] EMG by her own treating physician and the results of this . . . were made available to Defendant's neurologist, Dr. Alvaraz Berdicio, when Dr. Alvaraz Berdicio examined Plaintiff on

*Jarvis v. Premuda*
2005-CV-0077
Order Defendant's Request to Compel Plaintiff to Present for Independent Medical Testing
Page 3

February 1, 2007 . . . ." *Id.* at 6. Plaintiff objects to an additional EMG being performed for three (3) reasons: first, an EMG is painful; second, Plaintiff's EMG results by Plaintiff's physician are graphically recorded and readable by Defendant's expert neurologist; and third, Defendant has failed to show "good cause." *See Id.* Plaintiff objects to additional mental examinations on similar grounds. Additionally, Plaintiff states that Plaintiff submitted to testing by Defendant's neurological and psychological experts. *See Id.* Regarding the requested additional physical and mental examination, Plaintiff states that Defendant failed to show "good cause" to effectuate an additional round of testing. *See Id.* Plaintiff "asks the Court to deny Defendant's request that the Court order . . . Plaintiff to undergo additional testing by Defendant's experts." *Id* at 8.

Defendant and Plaintiff jointly stipulate that they attempted independent resolution in conformance with Local Rule of Civil Procedure 37.1. Stipulation at 4.

Fed. R. Civ. P. 35(a) reads:

> When the mental or physical condition . . . of a party . . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner . . . . The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

*Jarvis v. Premuda*
2005-CV-0077
Order Defendant's Request to Compel Plaintiff to Present for Independent Medical Testing
Page 4

Plaintiff does not dispute that her physical and mental condition are in controversy. The Court may order an examination when "the plaintiff has already had one examination, although a stronger showing of necessity may be required for repeat examinations." *Sloan v. Cost-U-Less, Inc.*, 44 V.I. 79, 81 (V.I. Terr. Ct. 2001)(citing *McKitis v. Defazio*, 187 F.R.D. 225 (D.C. Md. 1999)). Additionally, "an order for the physical or mental examination of a party is not granted as of right . . . it is addressed to the sound discretion of the trial court." *Great W. Life Assurance Co. v. Levithan*, 153 F.R.D. 74, 76 (E.D. Pa. 1994)(citation omitted).

In the instant case, Defendant has failed to show good cause that would justify subjecting Plaintiff to additional examinations. As indicated by the parties' Joint Stipulation, Plaintiff underwent a battery of testing conducted first by Plaintiff's medical experts followed by Defendant's. Defendant contends that "to limit Defendant's assessment of Plaintiff's condition to information subjectively provided by Plaintiff and the testing of Plaintiff's experts is patently prejudicial to Defendant . . . ." Stipulation at 2. Additionally, Defendant sates that "where specialists from various branches of medicine are required, there is nothing . . . to prevent the court from ordering examination by all of them." *Id*. at 3 (internal citation omitted).

However, as stated by Defendant, "Plaintiff did submit to the initial clinical examinations of [Defendant's] experts . . . ." *Id*. In fact, Defendant's experts examined

*Jarvis v. Premuda*
2005-CV-0077
Order Defendant's Request to Compel Plaintiff to Present for Independent Medical Testing
Page 5

Plaintiff on February 1, 2007, February 3, 2007, and February 9, 2007. In regards to the EMG conducted by Plaintiff's treating physician, the results were given to Defendant's expert, Dr. Alvaraz Berdicio, upon Plaintiff's visit to Dr. Alvaraz Berdicio on February 1, 2007. As such, Defendant had ample time to submit its request for additional testing. In this case, "Defendant's experts named and expert reports filed" were due on March 2, 2007. Stipulation at 5. The Joint Stipulation was filed on March 14, 2007. Therefore, Defendant failed to submit its request for additional testing in a timely fashion.

Additionally, Defendant fails to specify how Defendant would be prejudiced by not being allowed to conduct additional tests, other than to say that it would be relying on Plaintiff's medical experts. There is no indication that Plaintiff's experts are unreliable. Furthermore, Defendant has access to Plaintiff's medical test reports as well as Defendant's expert's reports. Defendant's experts will not be restricted to Plaintiff's experts' interpretations. And, Defendant will have the opportunity to cross-examine Plaintiff's experts at trial.

Finally, Defendant asks this Court to subject Plaintiff to additional testing that is painful and invasive in nature. For the above mentioned reasons, this Court is inclined to deny that request.

*Jarvis v. Premuda*
2005-CV-0077
Order Defendant's Request to Compel Plaintiff to Present for Independent Medical Testing
Page 6

      Accordingly, it is hereby **ORDERED** that Defendant's Request to Compel Plaintiff to Present for Independent Medical Testing (Docket No. 88) is **DENIED**.

                                             ENTER:

Dated: June 21, 2007                                       /s/
                                                  GEORGE W. CANNON, JR.
                                                  U.S. MAGISTRATE JUDGE