**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| CAONA JARVIS,<br><br>                Plaintiff,<br><br>   v.<br><br>PREMUDA, S.p.A., owner and owner pro hac vice of the Vessel FOUR ETOILES,<br><br>                Defendant. | CIVIL NO. 2005/0077 |

TO:   John K. Dema, Esq.
         Chetema Lucas Francis, Esq.

### ORDER REGARDING MOTION FOR SANCTIONS AGAINST DEFENDANT PURSUANT TO FED. R. CIV. P. 37(b)(2)

THIS MATTER came before the Court for consideration upon Plaintiff Caona Jarvis' Motion for Sanctions Against Defendant Pursuant to Fed. R. Civ. P. 37(b)(2) (Docket No. 126). Defendant Premuda filed an Opposition thereto, and Plaintiff filed a Reply.

Plaintiff requests an Order "precluding any opinions in trial testimony of Captain Geary . . . based on any materials or documents (upon which Captain Geary relied . . . ), which Defendant did not provide 'hard copies' of to Plaintiff, as required in the May 10, 2007[,] and May 16, 2007[,] Orders." Motion at 1. The undersigned's Order (Docket No. 119) dated May 10, 2007, ruled "the production of . . . requested documents . . .

warranted[,]" and ordered "Defendant [to] serve upon counsel for Plaintiff hard copies of [said] requested documents **on or before 5:00 p.m., Wednesday, May 16, 2007**." Order Regarding Emergency Motion by Plaintiff to Obtain Materials at 1-2. The undersigned's Order (Docket No. 122) dated May 16, 2007, reiterated Defendant's obligation to serve hard copies "**on or before 5:00 p.m., Wednesday, May 16, 2007**." Order Regarding Emergency Motion by Plaintiff to Regulate Deposition Fee at 3. Defendant puts forth that it "fully complied with the Court's . . . Orders[,]" and "Plaintiff's motion is completely frivolous, not based in fact and without merit . . . ." Opposition at 4-5.

## DISCUSSION

Federal Rule of Civil Procedure 37(b)(2) states if "a person designated . . . to testify on behalf of a party fails to obey an order to provide . . . discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just . . . ." Such an order may include "[a]n order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence . . . ." Fed. R. Civ. P. 37(b)(2)(B). Rule 37 grants the Court broad discretion in imposing sanctions. *Callwood v. Zurita*, 158 F.R.D. 359, 361 (D. V.I. 1994).

*Jarvis v. Premuda*
2005-CV-0077
Order Granting Plaintiff's Motion For Sanctions Against Defendant Pursuant to Fed.R.Civ.P. 37(b)(2)
Page 3

When determining whether to exclude evidence, the undersigned must apply the factors outlined in *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977), *overruled on other grounds, Goodman v. Lukens Steel Co.*, 777 .2d 113 (3d Cir. 1977) *aff'd,* 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987).

The court in *Meyers* articulated the following four (4) elements that must be considered:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness . . . .

*Meyers*, 559 F.2d at 904-05.

In the instant case, this Court previously deemed the production of said documents in question warranted; furthermore, May 16, 2007, at 5:00 p.m. was deemed the date upon which said hard copies should be submitted. The undersigned found relevant the fact that the deposition at issue was a telephonic deposition and the deponent and his file were overseas. Order Regarding Emergency Motion by Plaintiff to Regulate Deposition Fee at 1-2. In doing so, the undersigned found any other alternative form of production, such as submitting a listing of internet addresses where the documents could be found, prejudicial

*Jarvis v. Premuda*
2005-CV-0077
Order Granting Plaintiff's Motion For Sanctions Against Defendant Pursuant to Fed.R.Civ.P. 37(b)(2)
Page 4

to Plaintiff. Accordingly, this Court ordered the following documents, which Plaintiff listed as "critical to have in hand," produced:

> 5. ANSI Z41 Protective Footwear Standard; 9. Reliance on "Texas State Office of Risk Management" and "State Employee Workers Compensation and Risk Management Division" – Geary fails to identify any specific laws, regulations or provisions but Report contains quotations from these authorities. <u>PROVIDE THE AUTHORITES (sic) WHICH GEARY IS RELYING UPON AND QUOTING FROM</u>; 10. Rules and Regulations of 1974 International Convention for the Safety of Life at Sea and Amendments; 11. The Code of Safety for Cargo Ships Operating in the Caribbean; 12. International Safety Management Code; 13. Unidentified State Regulatory Agencies Rules and Regulations; 14. British Maritime and Coastguard Agency Regulations 15.2.2.1 through 15.2.2.8; 16. Code of Safety for Caribbean Cargo Ships, Chapter 2, Part C, Sections 2.12; 17. Code of Safety for Caribbean Cargo Ships, Chapter 3, Part B, Section 3.16.1, 3.16.1.2, and 3.16.1.3; 18. Seafarers' Training, Certification and Watch-keeping Code, Chapter V, Section B-V/1, and Regulation 8; 19. Coast Guard-issued Certificate of Compliance to Four Etoiles valid to April 5, 2004; 20. SOLAS II-2/G4.7 Protocols; 21. Documents Evidencing the 21 individual Port State Control Inspections of the Four Etoiles between Sept. 11, 1999[,] and March 13, 2006; 22. Stairways and Ladder-ways (Not identified where this is from), Sections 15.2.2.1 to 15.2.2.8; 23. Safety Management Certificate Issued by the RINA (IACS White List) on August 8, 2002; 24. OHSA (sic) Form 301; 25. OSHA Form 300; 26. OSHA Form 300A; 27. Statutory and Legal Authority for Reference to Illinois "PPE Review" and Identification of Origin of Illinois Personal Protective Equipment Review Chart Contained In Report; 28. New York U.S. Coast Guard Port State Control Inspection of the Four Etoiles on June 20, 2003.

Emergency Motion by Plaintiff to Obtain Materials (Docket No. 115) at 4-5 (internal citations omitted).

*Jarvis v. Premuda*
2005-CV-0077
Order Granting Plaintiff's Motion For Sanctions Against Defendant Pursuant to Fed.R.Civ.P. 37(b)(2)
Page 5

Plaintiff alleges six (6) authorities "identified in Plaintiff's original motion . . . were NOT given to Plaintiff in hard copy form." Reply at 2.

Said documents include:

5. ANSI Z41 Protective Footwear Standard; 9. Texas State Office of Risk Management and State Employee Workers Compensation and Risk Management Division; 10. Rules and Regulations of 1974 International Convention for the Safety of Life at Sea and Amendments; 11. The Code of Safety for Cargo Ships Operating in the Caribbean; 13. Unidentified State Regulatory Agencies Rules and Regulations; and, 18. Seafarers' Training, Certification and Watch-keeping Code, Chapter V, Section B-V/1, and Regulation 8.

This Court agrees that said authorities were not produced in hard copy. Under a *Meyers* analysis, the undersigned finds that the failure to provide Plaintiff with the requested authorities in hard copy substantially prejudices Plaintiff and said prejudice cannot be cured. Defendant's deadline for submission of its expert reports was May 16, 2007, at 5:00 p.m.; furthermore, trial is impending. In addition, Defendant's failure to produce said documents was willful. *See, e.g., Velez v. QVC, Inc.*, No. Civ. A. 00-5582, 2004 WL 1175726 at *1 n.1 (E.D. Pa. May 25, 2004) (where the court, in excluding portions of a supplemental expert report, stated, "The Court also finds that plaintiff's late submission of the report is willful in that the plaintiff knew when the report was due under the Rules . . . and she failed to comply"). Accordingly, the undersigned holds that the requested

*Jarvis v. Premuda*
2005-CV-0077
Order Granting Plaintiff's Motion For Sanctions Against Defendant Pursuant to Fed.R.Civ.P. 37(b)(2)
Page 6

documents were not produced in hard copy, therefore, Plaintiff's motion to preclude Captain Geary's opinions at trial based on these documents is granted.

Plaintiff also seeks a copy of the Charter Party Agreement. Plaintiff asks this Court to preclude Captain Geary's testimony based upon said Agreement, as Plaintiff has not received a copy of the Agreement from Defendant. Whereas Plaintiff's Emergency Motion by Plaintiff to Obtain Materials, upon which this Court's Order Regarding Emergency Motion, dated May 10, 2007, was based, failed to request said document, the undersigned denies Plaintiff's motion on this point.

Being thus advised in the premises and upon due consideration thereof, it is now hereby **ORDERED**:

1. Plaintiff's Motion for Sanctions Against Defendant Pursuant to Fed.R.Civ.P. 37(b)(2) (Docket No. 126) is **GRANTED IN PART** and **DENIED IN PART**.

2. Plaintiff Caona Jarvis' Motion for Sanctions Against Defendant Pursuant to Fed.R.Civ.P.37(b)(2) (Docket No. 126) regarding document request nos. 5, 9, 10, 11, 13, and 18 listed above is **GRANTED**. Captain Geary is

*Jarvis v. Premuda*
2005-CV-0077
Order Granting Plaintiff's Motion For Sanctions Against Defendant Pursuant to Fed.R.Civ.P. 37(b)(2)
Page 7

    precluded from offering opinions at trial based on the documents in question.

3.    Plaintiff Caona Jarvis' Motion for Sanctions Against Defendant Pursuant to Fed.R.Civ.P.37(b)(2) (Docket No. 126) regarding Charter Party Agreement listed above is **DENIED**.

        ENTER:

Dated: July 18, 2007                        /s/
                                          GEORGE W. CANNON, JR.
                                          U.S. MAGISTRATE JUDGE