**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| CAONA JARVIS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>PREMUDA, S.p.A., owner and owner pro hac vice of the Vessel FOUR ETOILES,<br><br>　　　　　　Defendant. | CIVIL NO. 2005/0077 |

TO:　John K. Dema, Esq.
　　　Chetema Lucas Francis, Esq.

### ORDER REGARDING MOTION FOR SANCTIONS AGAINST DEFENDANT BASED ON DEFENDANT'S CONCEALMENT OF, AND FAILURE TO PRODUCE, THE MAINTENANCE LOGS OF THE VESSEL FOUR ETOILES, PURSUANT TO FED. R. CIV. P. 37(c)(1) AND 37(b)(2)(B)

THIS MATTER came before the Court for consideration upon Plaintiff Caona Jarvis' Motion for Sanctions Against Defendant Based on Defendant's Concealment of, and Failure to Produce, the Maintenance Logs of the Vessel Four Etoiles, Pursuant to Fed. R. Civ. P. 37(c)(1) and 37(b)(2)(B) (Docket No. 140). Defendant Premuda filed an Opposition thereto, and Plaintiff submitted a Reply.

Plaintiff requests an Order "preclud[ing] Defendant from introducing . . . at trial any evidence or testimony, including but not limited to the testimony of Captain Geary, in any

*Jarvis v. Premuda*
2005-CV-0077
Order Denying Sanctions Against Defendant Based on Defendant's Concealment of Maintenance Logs
Page 2

way related to the maintenance and condition of the Vessel FOUR ETOILES at the time of Plaintiff's accident which is based on Premuda's maintenance logs and records." Motion at 8. Additionally, "Plaintiff . . . asks the Court to enter an Order, pursuant to Rule 37(c)(1), which states the Court will inform the jury of Defendant's failure to disclose to Plaintiff the existence of the maintenance logs and records." *Id.* at 8.

Defendant states "there is absolutely no basis for the relief requested in Plaintiff's motion." Opposition at 1. Furthermore, "[t]he maintenance logs of which Plaintiff complains . . . were previously produced . . . ." *Id.* at 2. And, Defendant asserts that "although Plaintiff claims that it is too late to depose Capt. Geary again . . . such testimony could be provided . . . at *Daubert* hearing . . . ." *Id.* at 3. Finally, even if Plaintiff failed to supply the requested documents, such sanctions would be inappropriate and not proportional to the violative conduct. *See id.* at 1-3.

**DISCUSSION**

Federal Rule of Civil Procedure 37 grants the undersigned the authority to impose sanctions as requested. Fed.R.Civ.P. 37(b)(2)(B) states:

> If . . . a person designated . . . to testify on behalf of a party fails to obey an order to provide . . . discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just . . . [including] . . . order[s] refusing to allow the disobedient party . . . from introducing designated matters in evidence[.]

Fed.R.Civ.P. 37(c)(1) provides:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any witness or information not so disclosed. In addition to or in lieu of this sanction, the court . . . may impose other appropriate sanctions. . . . [T]hese sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

The Court has broad discretion in imposing sanctions. *Callwood v. Zurita*, 158 F.R.D. 359, 361 (D. V.I. 1994).

A proper analysis, when determining whether to exclude evidence, applies the factors outlined in *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977), *overruled on other grounds, Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1977) *aff'd,* 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987).

The court in *Meyers* articulated the following four (4) elements that must be considered:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness . . . .

*Meyers*, 559 F.2d at 904-05.

*Jarvis v. Premuda*
2005-CV-0077
Order Denying Sanctions Against Defendant Based on Defendant's Concealment of Maintenance Logs
Page 4

In the instant case, the undersigned declines Plaintiff's offer to impose sanctions at this time. Although, Plaintiff would be prejudiced by not receiving the maintenance logs of the vessel FOUR ETOILES during discovery, Defendant states that said documents were given to Plaintiff's counsel in April 2006. *See* Opposition at 1, 2. Furthermore, it is the undersigned's opinion that even if the maintenance logs were not produced, said prejudice may be easily cured by simply ordering production of the requested documents. Finally, the undersigned declines to impose sanctions, as Plaintiff has not presented a strong case of bad faith or willfulness against Defendant; Defendant, in this instance, has not failed to comply with any court imposed order regarding said documents. Accordingly, Plaintiff's request to preclude Defendant from introducing evidence or testimony relating to the documents in question is denied. Plaintiff's request to inform the jury of the failure to make said disclosure is also denied.

WHEREFORE, based upon the foregoing, it is now hereby **ORDERED**:

1. Plaintiff Caona Jarvis' Motion for Sanctions Against Defendant Based on Defendant's Concealment of, and Failure to Produce, the Maintenance Logs of the Vessel Four Etoiles, Pursuant to Fed.R.Civ.P.37(c)(1) and 37(b)(2)(B) (Docket No. 140) is **DENIED**.

*Jarvis v. Premuda*
2005-CV-0077
Order Denying Sanctions Against Defendant Based on Defendant's Concealment of Maintenance Logs
Page 5

    2.    Defendant shall serve Plaintiff's counsel with copies of the maintenance logs in question on or before **Tuesday, July 24, 2007**.

ENTER:

Dated: July 18, 2007

    /s/
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE