**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| CAONA JARVIS,<br><br>                           Plaintiff,<br>     v.<br><br>PREMUDA, S.p.A., owner and owner<br>pro hac vice of the Vessel FOUR ETOILES,<br><br>                           Defendant. | 2005-CV-0077 |

TO:   John K. Dema, Esq.
      Chetema Lucas Francis, Esq.

### ORDER REGARDING PLAINTIFF'S MOTION TO EXCLUDE DR. CARLOS LUCIANO AS AN EXPERT WITNESS OF DEFENDANT AND TO PRECLUDE RELIANCE BY DEFENDANT ON EXPERT REPORT SERVED ON APRIL 20, 2007

THIS MATTER is before the Court upon Motion to Exclude Dr. Carlos Luciano as an Expert Witness of Defendant and to Preclude Reliance by Defendant on Expert Report Served on April 20, 2007, by Plaintiff (Docket No. 114). Defendant filed an opposition to said motion, and Plaintiff filed a reply thereto.

Plaintiff seeks to exclude Dr. Carlos Luciano as an expert witness and to preclude any reliance by Dr. Alvarez Berdecia upon Dr. Luciano's report. Plaintiff's request is based upon the fact that Defendant failed to identify Dr. Luciano as an expert witness and submitted his report after the Court-ordered deadline for serving expert reports.

*Jarvis v. Premuda, S.p.A.*
2005-CV-0077
Order Regarding Plaintiff's Motion to Exclude Dr. Carlos Luciano
Page 2

It is well established that the action requested by Plaintiff is within the Court's discretion. *See, e.g., Merrill Lynch & Co., Inc. v. Allegheny Energy, Inc.*, No. 02 Civ. 7689, 2005 WL 832050 at *8 (S.D.N.Y. April 12, 2005) ("The trial court's discretion is especially broad with respect to the admission or exclusion of expert evidence" (citing *Salem v. United States Lines Co.*, 370 U.S. 31, 35 (1962)). However, the "remedy of exclusion is considered 'drastic' and should not be imposed where it could frustrate the overarching objective of the Rules, which is to provide substantial justice for litigants." *Dunn v. Zimmer, Inc.*, No. 3:00CV1306, 2005 WL 563095 at *1 (D. Conn. March 9, 2005) (citing *Cartier, Inc. v. Four Star Jewelry Creations, Inc.*, No. 01 Civ.11295, 2003 WL 22471909 *1, (S.D.N.Y. Oct.31, 2003)). As noted by the United States District Court for the District of New Jersey,

> Courts in the Third Circuit should exercise particular restraint in considering motions to exclude evidence. *See In re TMI Litig.*, 922 F. Supp. 997, 1003-04 (M.D. Pa. 1996); *DiFlorio v. Nabisco Biscuit Co.*, 1995 WL 710592 at *2 (E.D. Pa. Nov. 13, 1995) ("Unfortunately, the courts of this circuit are not free to exercise the full range of sanctions for discovery abuses authorized by the Rules."). The Third Circuit has, on several occasions, manifested a distinct aversion to the exclusion of important testimony absent evidence of extreme neglect or bad faith on the part of the proponent of the testimony. *See In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 791-92 (3d Cir. 1994), *cert. denied*, 513 U.S. 1190, 115 S. Ct. 1253, 131 L. Ed. 2d 134 (1995); *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 905 (3d Cir. 1977), *overruled on other grounds, Goodman v. Lukens,* 777 F.2d 113 (3d Cir. 1985), *aff'd,* 482 U.S. 656, 107 S. Ct. 2617, 96 L. Ed. 2d 572 (1987); *Dudley v. South Jersey Metal, Inc.*, 555 F.2d 96, 99 (3d Cir. 1977). "[T]he exclusion of critical evidence is an 'extreme' sanction not normally to be imposed absent a showing of willful deception

*Jarvis v. Premuda, S.p.A.*
2005-CV-0077
Order Regarding Plaintiff's Motion to Exclude Dr. Carlos Luciano
Page 3

>  or 'flagrant disregard' of a court order . . . . ." *Pennypack,* 559 F.2d at 905 (citation omitted).

*ABB Air Preheater, Inc. v. Regernative Environmental Equipment Co.*, 167 F.R.D. 668, 671-72 (D.N.J. 1996).

Plaintiff's primary basis for her motion is her contention that the report at issue was served out of time. Plaintiff contends that Dr. Luciano is an expert witness and, as such, he was required to be named and his report submitted by March 2, 2007. Defendant counters by maintaining that Dr. Luciano has not been retained as a "trial" expert. Defendant claims that Dr. Luciano's report was submitted as a "supplement" to Dr. Alvarez-Berdecia's report.

When determining whether to exclude evidence for a scheduling order violation, the Court should apply the *Pennypack* factors:

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness . . . .

*Pennypack*, 559 F.2d at 904-05. *See, e.g., ABB Air Preheater*, 167 F.R.D. at 672 (citing *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 791 (3d Cir. 1994), *cert. denied,* 513 U.S. 1190, 115 S. Ct. 1253, 131 L. Ed. 2d 134 (1995)).

*Jarvis v. Premuda, S.p.A.*
2005-CV-0077
Order Regarding Plaintiff's Motion to Exclude Dr. Carlos Luciano
Page 4

It is undisputed that Dr. Babu Subramanium, Plaintiff's neurological expert, conducted electrodiagnostic tests as part of his examination of Plaintiff. As Dr. Alvarez-Berdecia admitted in his deposition, he is not a specialist in that area and did not offer any opinions of those particular studies. Transcript of April 20, 2007, oral deposition of Dr. Antonio Alvarez-Berdecia at 69 (a copy of which is attached as Exhibit A to Plaintiff's Reply). According to Defendant, Dr. Alvarez-Berdecia asked Dr. Luciano, who is board certified in electromyography and electrophysiology, "to review the SSEP, NCV and EMG test results performed by Dr. Subramanium to confirm or deny the anomalies he (Dr. Alvarez) noted between the clinical findings of Plaintiff's physical condition and the eletrophysical results found by Dr. Subramanium." Opposition at 2. Defendant further states, "Dr. Alvarez provided specific testimony during his deposition of how and why he requested Dr. Luciano's review of the electrophysiological tests performed by Dr. Subramanium and how Dr. Lucian's opinion affects his (Dr. Alvarez') expert conclusions regarding Plaintiff's physical condition." *Id*. at 3. However, as Plaintiff explains, Dr. Alvarez-Berdecia's report is dated March 2, 2007, and Dr. Luciano's report is dated April 17, 2007.

Expert reports are required to "contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by

*Jarvis v. Premuda, S.p.A.*
2005-CV-0077
Order Regarding Plaintiff's Motion to Exclude Dr. Carlos Luciano
Page 5

the witness in forming the opinions; [and,] any exhibits to be used as a summary of or support for the opinions; . . . ." Fed. R. Civ. P. 26(a)(2)(B). While Fed. R. Civ. P. 26(e)(1) allows expert reports to be supplemented as late as thirty (30) days before trial, such supplementation is contemplated "if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Id*. Dr. Luciano's report does complete Dr. Alvarez-Berdecia's initial report. At the same time, however, the Court finds that said report attempts to cover a failure or omission that should have been included in the initial report. *Akeva, L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002). Therefore, the Court finds that Dr. Luciano's report is not supplemental in nature. Moreover, Dr. Luciano's report contains his expert opinion in a medical specialty that is separate and different from Dr. Alvarez-Berdecia and, therefore, constitutes a separate, expert report.

Because this submission violates the scheduling order, the Court must determine whether Defendant has "shown good cause for the [their] failure to timely disclose." *Id*. at 309. Defendant states only "[i]n keeping with the duty to supplement information relied on by an expert did Defendant produce Dr. Luciano's report as supplemental information provided to Dr. Alvarez." Opposition at 3. Nowhere does Defendant explain why the

*Jarvis v. Premuda, S.p.A.*
2005-CV-0077
Order Regarding Plaintiff's Motion to Exclude Dr. Carlos Luciano
Page 6

information could not have been and was not included in Dr. Alvarez-Berdecia's initial report.

Under a *Pennypack* analysis, the undersigned finds that if Defendant were allowed to call Dr. Luciano as an expert witness Plaintiff would be substantially prejudiced and that such prejudice cannot be cured. The expert phase of discovery is closed. Trial has been continued once already in this matter and, currently, trial is scheduled to commence February 25, 2008. The Court is opposed to further delay by re-opening expert discovery. Defendant insists that it has not proffered Dr. Luciano as an expert witness in this matter. Based upon the foregoing, the Court will grant Plaintiff's motion to exclude Dr. Carlos Luciano as an expert witness.

The Court now considers Plaintiff's request to preclude reliance by Defendant on expert report served on April 20, 2007, by Plaintiff. Despite the fact that Dr. Luciano has not tested nor examined Plaintiff nor has Plaintiff had the opportunity to depose Dr. Luciano, the Court finds that precluding Dr. Alvarez-Berdecia from relying upon Dr. Luciano's report is not warranted. Pursuant to Fed. R. Evid. 705, an expert "may testify in terms of opinion or inference and give reasons therefor without prior disclosure of the underlying facts or data." Here, the underlying facts or data, in the form of Dr. Luciano's report, have been disclosed. Moreover, the Court's own rules allow an expert witness to

*Jarvis v. Premuda, S.p.A.*
2005-CV-0077
Order Regarding Plaintiff's Motion to Exclude Dr. Carlos Luciano
Page 7

testify at trial "based upon the opinions advanced in the written report and/or the expert's deposition . . . ." LRCi 26.3(b). Plaintiff deposed Dr. Alvarez-Berdecia, and questioned Dr. Alvarez-Berdecia regarding Dr. Luciano's report at such deposition. Consequently, the Court will allow Dr. Alvarez-Berdecia to testify at trial regarding his expert opinion, including any opinion based upon or informed by Dr. Luciano's report.

Accordingly, it is now hereby **ORDERED**:

1. Motion to Exclude Dr. Carlos Luciano as an Expert Witness of Defendant and to Preclude Reliance by Defendant on Expert Report Served on April 20, 2007, by Plaintiff is **GRANTED IN PART AND DENIED IN PART**.

2. Dr. Carlos Luciano is excluded as an expert witness of Defendant.

3. Defendant's expert witness Dr. Alvarez-Berdecia may testify at trial regarding his expert opinion, including any opinion based upon or informed by Dr. Luciano's report dated April 17, 2007.

ENTER:

Dated: October 31, 2007

/s/
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE