# DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| CAONA JARVIS,<br><br>                    Plaintiff,<br>     v.<br><br>PREMUDA, S.p.A., owner and owner<br>pro hac vice of the Vessel FOUR ETOILES,<br><br>                    Defendant. | 2005-CV-0077 |

TO:   John K. Dema, Esq.
      Chetema Lucas Francis, Esq.

### ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF COURT ORDER DATED JULY 18, 2007

THIS MATTER came before the Court upon Defendant's Motion For Reconsideration of Court Order Dated July 18, 2007 (Docket No. 165).  Plaintiff filed an opposition to said motion, and Defendant filed a reply thereto.

Having reviewed the submissions of the parties, nothing therein persuades the Court that its previous order requires modification or reversal.  Pursuant to Local Rule of Civil Procedure 7.4, parties may seek reconsideration of an order issued by a judge or magistrate judge of this Court based upon "1. intervening change in controlling law; 2. availability of new evidence, or; 3. the need to correct clear error or prevent manifest

*Jarvis v. Premuda, S.p.A.*
2005-CV-0077
Order Denying Defendant's Motion For Reconsideration
Page 2

injustice." LRCi 7.4. Defendant states that "reconsideration is warranted to correct clear error and prevent manifest injustice . . . ." Motion at 1-2.

Defendant argues that it produced certain documents responsive to Plaintiff's discovery requests. However, the order at issue, Order Regarding Plaintiff's Motion for Sanctions Against Defendant Based on Defendant's Concealment of, and Failure to Produce, the Maintenance Logs of the Vessel Four Etoiles, Pursuant to Fed. R. Civ. P. 37(c)(1) and 37(b)(2)(B) (Docket No. 162), entered July 18, 2007, ordered Defendant to produce the "copies of the maintenance logs in question." Order at 4. As Plaintiff asserted in her motion for sanctions and in her opposition to the motion for reconsideration, the "maintenance logs in question" were the logs referenced by Captain Geary in his deposition. Thus, the fact that Defendant had produced certain safety codes and other documents does not demonstrate how the Court's finding regarding Defendant's duty to produce copies of the maintenance logs to which Captain Geary testified was erroneous. Consequently, the Court finds that Defendant has failed to show clear error or manifest injustice.

Moreover, Defendant seemingly argues that the Court order at issue somehow precluded Captain Geary from providing certain opinions and testimony. However, the order at issue very clearly denied Plaintiff's request for such sanction.

*Jarvis v. Premuda, S.p.A.*
2005-CV-0077
Order Denying Defendant's Motion For Reconsideration
Page 3

Accordingly, it is now hereby **ORDERED** that Defendant's Motion For Reconsideration of Court Order Dated July 18, 2007 (Docket No. 165) is **DENIED**.

ENTER:

Dated: January 8, 2008              /s/
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE